UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JOSEPH FRIDAY

                           Plaintiff,

                        -against-

THE CITY OF NEW YORK, DET. JOHNNY ELLIOT, Shield No. 04943, Individually and in his Official Capacity, and P.O.'s "JOHN DOE" #1-10, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

                          Defendants.

-------------------------------------------------------------------X

**COMPLAINT**

**09 CV 7223**

**JURY TRIAL DEMANDED**

**ECF CASE**

Plaintiff JOSEPH FRIDAY by his attorneys, Cohen & Fitch LLP, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

**VENUE**

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6. Plaintiff JOSEPH FRIDAY is an African American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned the individually named defendants, DET. JOHNNY ELLIOT, and P.O.'s "JOHN DOE" #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On or about September 28, 2007, at approximately 3:15 p.m., plaintiff was lawfully present in his home, located at 810 East 168th Street, in the Bronx, State of New York.

14. At the aforesaid time and place, defendant police officers entered said location in plain clothes.

15. Upon information and belief, the police officers, if they did possess a warrant, did not enter in a manner or at a time authorized in a search warrant.

16. Upon information and belief, plaintiff was not listed or described as a suspect or target on any application for any warrant.

17. Defendant police officers aggressively entered the house, terrorizing plaintiff.

18. Upon entry, defendants did not identify themselves as police officers.

19. After being in the house for several minutes and after repeated requests by the plaintiffs, one officer did eventually identify himself as a police officer.

20. At this time plaintiff took his dog, who had become scared and startled due to the officers aggressive entry, in his arms, in order to enable the officers to continue their search.

21. Immediately thereafter, while plaintiff was holding his dog in his arms, one of the defendant police officers drew his weapon and shot the dog in the head, killing the dog instantly.

22. Thereafter, defendant police officers took plaintiff outside, where he sat for thirty (30) minutes wearing only his boxers.

23. Notwithstanding the lack of any evidence or contraband found on plaintiff JOSEPH FRIDAY, or any evidence linking plaintiff to the items allegedly found in said location, defendants arrested plaintiff and charged him with Criminal Possession of a Controlled Substance in the Third Degree, Criminal Possession of a Controlled Substance in the Fourth Degree, Criminal Possession of a Weapon in the Third Degree, Criminal Possession of a Controlled Substance in the Seventh Degree, Two Counts of Criminally Using Drug Paraphernalia in the Second Degree, and Possession of Ammunition.

24. At no time was plaintiff ever in possession, constructive or actual, control or custody of any contraband nor did he ever have any knowledge of any contraband or controlled substance located within the aforementioned location.

25. In connection with the arrest, defendants filled out false and misleading police reports and forwarded said reports to prosecutors in the District Attorney's Office.

26. Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiff's arrest.

27. As a result of this unlawful arrest, plaintiff JOSEPH FRIDAY spent approximately nine (9) days in jail and approximately seventeen (17) months making numerous court appearances in connection with these charges, before all of the charges were dismissed on February 2, 2009.

28. As a result of the foregoing, plaintiff JOSEPH FRIDAY sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "28" with the same force and effect as if fully set forth herein.

30. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

31. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

34. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

37. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. Defendants misrepresented and falsified evidence before the District Attorney.

40. Defendants did not make a complete and full statement of facts to the District Attorney.

41. Defendants withheld exculpatory evidence from the District Attorney.

42. Defendants were directly and actively involved in the initiation of criminal proceedings against JOSEPH FRIDAY.

43. Defendants lacked probable cause to initiate criminal proceedings against JOSEPH FRIDAY.

44. Defendants acted with malice in initiating criminal proceedings against JOSEPH FRIDAY.

45. Defendants were directly and actively involved in the continuation of criminal proceedings against JOSEPH FRIDAY.

46. Defendants lacked probable cause to continue criminal proceedings against JOSEPH FRIDAY.

47. Defendants acted with malice in continuing criminal proceedings against JOSEPH FRIDAY.

48. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

49.     Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in JOSEPH FRIDAY's favor on or about February 2, 2009 when all charges against him were dismissed.

50.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### FOURTH CLAIM FOR RELIEF
### VIOLATION OF SUBSTANTIVE DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS UNDER 42 U.S.C. § 1983

51.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.     As a result of the aforesaid conduct by defendants, plaintiff JOSEPH FRIDAY was deprived of his property, specifically his dog, in violation of his Substantive Due process rights as set forth in the Fifth and Fourteenth Amendments to the Constitution of the United States.

### FIFTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

53.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "52" with the same force and effect as if fully set forth herein.

54.     Defendants issued legal process to place plaintiff under arrest.

55.     Defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

56.     Defendants acted with intent to do harm to plaintiff, without excuse or justification.

57. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety and he was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### SIXTH CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
### UNDER 42 U.S.C. § 1983

58. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "57" as if the same were more fully set forth at length herein.

59. Defendants created false evidence against plaintiff JOSEPH FRIDAY.

60. Defendants forwarded false evidence and false information to prosecutors in the District Attorney's office.

61. Defendants misled the prosecutors by creating false evidence against plaintiff JOSEPH FRIDAY and thereafter providing false testimony throughout the criminal proceedings.

62. In creating false evidence against plaintiff JOSEPH FRIDAY, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

63. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety and was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### SEVENTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY

64. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

66. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to, a) obtaining no-knock warrants by misrepresenting to judges the reliability of information received from confidential informants, b) entering the premises at a time not authorized in the warrant, c) arresting any and all individuals in said premises regardless of probable cause.

67. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

68. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

69. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

70. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff was unlawfully arrested and detained, and subjected to excessive Force.

71. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

72. The acts complained of deprived plaintiff of his rights:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

   C. To be free from malicious abuse of process;

   D. Not to have summary punishment imposed upon his; and

   E. To receive equal protection under the law.

73. As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, JOSEPH FRIDAY, demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages and one million dollars ($1,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
   August 12, 2009

                BY:_____/S_____
                Joshua P. Fitch (JF-2813)
                Cohen & Fitch LLP
                Attorneys for Plaintiff
                225 Broadway, Suite 2700
                New York, N.Y. 10007
                (212) 374-9115